United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

KRISTIN MINNICH, et al.,

Plaintiffs,

v.

WHOLE FOODS MARKET, INC.,

Defendant.

Case No. 26-cv-06244-BLF

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

[Re: ECF No. 12]

Before the Court is Whole Foods Market, Inc.'s ("WFMI") motion to dismiss Kristin Minnich's complaint. *See* ECF Nos. 1 ("Compl."), 12 ("Mot."), 17 ("Opp."), 18 ("Reply"). The matter is suitable for decision without oral argument, so the hearing set for October 8, 2026 is VACATED. *See* Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

Kristin Minnich and her son, Quentin Minnich, sued WFMI after a holiday champagne display in a Whole Foods Market ("WFM") store in Monterey, California, collapsed on them. The Minnichs bring two counts: (1) negligence; and (2) premises liability. They claim that they suffered physical and emotional injuries from the collapse.

WFMI moved to dismiss under Rule 12(b)(2) for want of personal jurisdiction.

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."

United States District Court
Northern District of California

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Courts may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (cleaned up).

"Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). If, however, the defendant adduces evidence controverting the allegations, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction," *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986), for a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Moreover, conclusory allegations or "formulaic recitation of the elements" of a claim are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "Nor is the court required to accept as true allegations that are . . . unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Id.; see* Fed. R. Civ. P. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Cal. Civ. Proc. Code Ann. § 410.10). Constitutional due process, in turn, requires that a defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Freestream Aircraft*, 905 F.3d at 602 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068 (citing *Daimler AG*, 571 U.S. at 127). General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (cleaned up). Where a defendant is subject to general jurisdiction, it may be sued "on any and all claims," *id.* at 137, including claims "arising from dealings entirely distinct" from its forum-related activities, *id.* at 127 (cleaned up). By contrast, specific jurisdiction is proper when the defendant's contacts with the forum state may be more limited but the plaintiff's claims "arise out of or relate to" those contacts. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1786 (2017).

**B. Leave to Amend**

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendment; (4) undue prejudice to the opposing party; or (5) futility of amendment *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

**III. DISCUSSION**

**A. Personal Jurisdiction**

WFMI contends that it is not subject to the Court's general or specific jurisdiction because it (1) is a holding company that does not have any offices, bank accounts, employers, or telephone numbers in California; (2) neither conducts any business activity in California nor is legally qualified to do so; and (3) does not have an agent for service in California. *See* Mot. at 4–5. WFMI further argues that imputing the liability, if any, from WFM to WFMI under an alter ego theory would be improper because the complaint alleges no facts demonstrating that WFMI controls or sets

United States District Court
Northern District of California

policy for WFM.[1] *See* Mot. at 6. In support, WFMI submitted the declaration of Timothy Horn, a paralegal at Amazon responsible for litigation issues for WFM entities. *See* ECF Mot. 13 ("Horn Decl.").

The Minnichs counter that they have made a prima facie showing of personal jurisdiction where the complaint alleges that WFMI was "responsible for the ownership, operation, maintenance, inspection, supervision, control, and management of the" Monterey store. Opp. at 6. In support, the Minnichs submitted the declaration of their attorney, James G. Cheney. *See* ECF No. 17-1 ("Cheney Decl."). The Cheney Declaration contends, on information and belief, that WFMI exercised operational control over WFM. Cheney Decl. at 2–3. The Minnichs further argue that any factual disputes must be resolved in their favor. Opp. at 8–9. Lastly, the Minnichs ask for jurisdictional discovery before the Court decides on the motion to dismiss, and alternatively, leave to amend. *See* Opp. at 10–13.

On reply, WFMI seeks to strike paragraphs six through nine of Mr. Cheney's declaration and asks the Court to deny jurisdictional discovery. Reply at 8–11.

The Minnichs are correct that "*[u]ncontroverted* allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor." *Freestream Aircraft*, 905 F.3d at 602 (emphasis added). But where, as here, the defendant adduces evidence controverting the allegations, *see* Horn Decl. at 1–2, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction," *Scott*, 792 F.2d at 927, for a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc*, 557 F.2d at 1284.

Here, WFMI submitted Mr. Horn's declaration averring specific—and controverting—facts regarding WFMI's control (and lack thereof) over the WFM store. It was then incumbent on the Minnichs to adduce facts to support personal jurisdiction. *Scott*, 792 F.2d at 927. The Minnichs responded by attaching Mr. Cheney's—their lawyer's—declaration.

[1] WFMI is advised to review the Court's Standing Order Re Civil Cases § IV.F for future filings, which provides that "[f]ootnotes shall be no less than 12-point type," "double-spaced[]" and "shall not be used to cite to legal authorities or evidence." *See also* Mot. at 6 n.2 (single-spaced footnote citing legal authorities).

WFMI seeks to strike paragraphs six through nine of Mr. Cheney's declaration because they are argumentative, speculative, and lacking foundation. The Court agrees. The bulk of Mr. Cheney's statements open with an "on information and belief" qualifier. *See, e.g.*, Cheney Decl. ¶ 4–9. Indeed, the heading on page two—"*Information and Belief* Regarding Jurisdictional Contacts—is telling. *See id.* at 2 (emphasis added). Mr. Cheney appears to lack the requisite personal knowledge necessary to make declarations about WFMI's corporate structure and its control over its subsidiaries. *See* Fed. R. Evid. R. 602.

Even if not stricken for lack of personal knowledge, Mr. Cheney's declaration fails to establish facts to adequately support personal jurisdiction because they are conclusory and ask for unwarranted inferences. *See Scott*, 792 F.2d at 927. Conclusory allegations or "formulaic recitation of the elements" of a claim are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681. "Nor is the court required to accept as true allegations that are . . . unwarranted deductions of fact, or unreasonable inferences." *Gilead Scis.*, 536 F.3d at 1055 (9th Cir. 2008). Mr. Cheney's assertions regarding a screenshot of WFM's website that references "an amazon company" and "Copyright 2026 Whole Foods Market IP, Inc." fall well short of the facts necessary to support personal jurisdiction. *See also Eat Right Foods, Ltd. v. Whole Foods Mkt., Inc.*, 2014 WL 12027447, *3 (W.D. Wash. Sept. 15, 2014) (no specific jurisdiction over holding company); *Vasquez v. Whole Foods Mkt., Inc.*, 2018 WL 810232, *7 (D.D.C. Feb. 9, 2018) (same); *Kellman v. Whole Foods Market, Inc.*, 313 F.Supp.3d 1031, 1048 (N.D. Cal. 2018) (same).

In sum, the Minnichs have failed to establish that the Court has personal jurisdiction over WFMI. Because at this early stage the Court cannot ascertain whether amendment would be futile, the complaint is DISMISSED WITH LEAVE TO AMEND.

**B. Jurisdictional discovery**

After the Minnichs requested jurisdictional discovery in their opposition, the Court directed the Minnichs to submit a proposed discovery plan to aid it in evaluating the request. *See* ECF Nos. 19, 20. After reviewing the request, the Court finds that jurisdictional discovery is warranted here because the relevant information is largely in the defendant's control. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). *Sinatro v. Mrs. Gooch's Natural Food Markets, Inc.*,

cited by WFMI, is distinguishable because there, this Court did not have the benefit of a jurisdictional discovery plan that shed light on how additional discovery "could be helpful to the Court." 2023 WL 2324291, at *4–6 (N.D. Cal. Feb. 16, 2023).

However, the proposed discovery plan is too sprawling and thus not reasonable. *See* ECF No. 20 at 2–3 (proposing fifteen interrogatories, fifteen requests for production, and a Rule 30(b)(6) deposition). A more succinct discovery plan is needed that can reasonably be concluded within 60 days.

The parties are ORDERED to meet and confer regarding a reasonable discovery plan. The Minnichs SHALL file an amended proposed discovery plan by October 16, 2026. The proposed discovery plan shall identify all requested jurisdictional discovery and a timeline for completion. Upon approval of a reasonable discovery plan, the Court will set the deadline for Plaintiffs to file an amended complaint. Following implementation of a discovery plan, any discovery disputes are to be referred to the magistrate judge assigned to this case.

**IT IS SO ORDERED.**

Dated: October 2, 2026

BETH LABSON FREEMAN
United States District Judge